CAMILO ECHAVARRIA (State Bar No. 192481)
camiloechavarria@dwt.com
STEPHEN FRANZ (State Bar No. 293958)
stephenfranz@dwt.com
FRANCES J. CHOI (State Bar No. 322604)
franceschoi@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
BIG INDIE PICTURES, INC. and
AMAZON STUDIOS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FERGUSON, individually and on behalf of other persons similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>BIG INDIE PICTURES, INC., a foreign corporation; AMAZON STUDIOS, LLC, a California limited liability company; and DOES 1-50, inclusive,<br><br>              Defendants. | Case No. 2:24-cv-06479<br><br>**DEFENDANTS BIG INDIE PICTURES, INC. AND AMAZON STUDIOS, LLC'S NOTICE OF REMOVAL**<br><br>(Federal Question Jurisdiction 28 U.S.C. §§ 1331, 1441)<br><br>CLASS ACTION<br><br>(Removed from LASC Case No. 24STCV11214)<br><br>[Declarations of Stephen Franz and Bennett Kaspar-Williams; Notice of Interested Parties; and Civil Cover Sheet Filed Concurrently Herewith] |

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID FERGUSON AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Defendants Big Indie Pictures, Inc. ("Big Indie") and Amazon Studios, LLC ("Amazon") (collectively, "Defendants") hereby removes the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division on the basis of federal subject matter jurisdiction, as described below:

## I.    JURISDICTION

1.    This Court has original jurisdiction over this action under the federal question jurisdiction statute.  28 U.S.C. §§ 1331.  The federal question jurisdiction statute grants district courts original jurisdiction over civil actions that allege a claim arising under the laws of the United States.  Specifically, and as set forth in more detail below, this action is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 141 *et seq*., because Plaintiff's claims arise from or require the interpretation of one or more collective bargaining agreements ("CBAs") governing the terms and conditions of Plaintiff and the putative class members' employment.  This action therefore may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(a) and (c).

2.    This case meets all of the federal question jurisdiction statute's requirements for removal and is timely and properly removed by the filing of this Notice.  Additionally, the Court has supplemental jurisdiction over all state claims contained in the operative complaint, as they are so related to the federal claim at issue that they form part of the same controversy, pursuant to 28 U.S.C. § 1367(a).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.  PLEADINGS AND PROCEDURAL HISTORY

3.    On or about May 3, 2024, Plaintiff Daniel Ferguson ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled, *Daniel Ferguson, individually and on behalf of other persons similarly situated v. Big Indie Pictures, Inc.; Amazon Studios, LLC; and Does 1 through 50*, Case No. 24STCV11214 (the "State Court Action").  A true and correct copy of the Complaint in the State Court Action ("Complaint") is attached hereto as **Exhibit A**. (Declaration of Stephen Franz ("Franz Decl.") ¶ 2.)

4.    On or about July 25, 2024, Plaintiff filed the First Amended Complaint ("FAC").  Attached as **Exhibit D** is a true and correct copy of Plaintiff's FAC. ("Franz Decl." ¶ 4.) As of the time of this filing, Plaintiff has not yet served Defendants with the FAC.  *Id.*

5.    On behalf of himself and others, Plaintiff's FAC alleges the following causes of action against Defendants: (1) Failure to Pay Overtime Wages; (2) Failure to Provide Meal Periods; (3) Failure to Authorize and Permit Rest Periods; (4) Failure to Timely Pay Final Wages at Termination; (5) Failure to Provide Accurate Itemized Wage Statements; and (6) Unfair Business Practices.  (*See generally* Exh. D.)  Plaintiff styled his FAC as a class action pursuant to California Code of Civil Procedure § 382 and seeks to represent a class of "[a]ll current and former non-exempt employees of Defendants who were not covered by an applicable collective bargaining agreement and were employed as background talent in *Daisy Jones and the Six* in California..." (*Id.* ¶ 27.)

## III.  THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

6.    In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District in which the action is pending.  Removal to this Court is proper under 28 U.S.C. Section 1441 because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles and this U.S. District

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Court for the Central District of California, Western Division is the U.S. District Court for the district and division within which this action is pending.

7.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached as Exhibits to this Notice.  (*See* Franz Decl. ¶ 2, Exh. B.)

8.    A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles and served upon all adverse parties as required by 28 U.S.C. Section 1446(d), and an appropriate notice of compliance with 28 U.S.C. Section 1446(d) also shall be served and filed in the above-entitled Court.

9.    As required by L.R. 7.1-1, Defendants concurrently filed their Notice of Interested Parties with this Notice of Removal.

## IV.    REMOVAL IS TIMELY

10.    Notice of removal is timely if it is filed within thirty (30) days after service of the complaint or summons.  "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . ."  (28 U.S.C. §1446(b)(1).)

11.    On June 11, 2024, Plaintiff served Defendants' counsel with the following documents along with a Notice of Acknowledgment of Receipt: Summons, Complaint, Alternative Dispute Resolution (ADR) Information Package; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment – Unlimited Civil Case; First Amended General Order; and Voluntary Efficient Litigation Stipulations.  (*See* Franz Decl. ¶ 2, Exh. B.)

12.    On July 1, 2024, Defendants timely returned an executed Notice and Acknowledgment of Receipt.  (*See* Franz Decl. ¶ 3, Exh. C.)

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

13.    This Notice of Removal is therefore timely because it is filed within thirty (30) days from completion of service. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

14.    Does 1 through 50 represent the other defendants in this action. Because these Doe Defendants are fictitious (*see* Exh. D ¶ 10) and because they have not yet been served, their consent to join in removal is not required. *See* 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded"); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal).

## V.    FEDERAL QUESTION JURISDICTION

15.    Under the LMRA, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. 185(a). Courts have consistently found that Section 301 of the LMRA preempts state law claims where adjudication of these claims requires interpretation of a collective bargaining agreement. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991) (internal citations omitted); *Milne Emps. Ass'n v. Sun Carriers*, 960 F.2d 1401 (9th Cir. 1991). The critical inquiry is whether the claims "require interpretation of a CBA [collective bargaining agreement], or [are] 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" *Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-11, 213 (1985); *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988). In such cases, the LMRA completely preempts the state law claims. *Busey*, 368 F. Supp. 2d at 1048 (finding that "[f]ederal law under

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

section 301 governs suits for breach of a [CBA] and displaces . . . any state claim whose outcome depends on interpretations of the terms of a CBA") (citations omitted).  Where Section 301 preempts a state law claim, that claim is "considered, from its inception, a federal claim."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987).

16.    Federal law preempts state law claims requiring CBA interpretation even where plaintiff's complaint does not expressly refer to or rely on a CBA. Plaintiffs are not permitted to "artfully plead" their complaint to conceal the true nature of the complaint.  *See Franchise. Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).[1]  Thus, Section 301 preempts all claims pleaded under state law that require interpretation of a CBA—regardless of the plaintiff's characterization.  *See Rissetto v Plumbers & Steamfitters Local*, 343, 94 F.3d 597, 599 (9th Cir. 1996); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("[i]f the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted."); *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[T]he 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement").

---

[1] The Court may properly look beyond the face of the complaint to determine if Section 301 preempts plaintiff's claims, including looking to facts stated in the Notice of Removal.  *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1035 (9th Cir. 2014), *overruled on other grounds by Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009) (considering facts in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction," and finding plaintiff's claim completely preempted).

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

17.     The Ninth Circuit applies a two-step test to determine whether LMRA preemption applies.  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  First, the court "ask[s] whether the asserted cause of action involves a right that exists solely as a result of the CBA."  *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1152-53 (9th Cir. 2019).  If it does, preemption applies and there is federal jurisdiction over the claim.  *Burnside*, 491 F.3d at 1059 (citing cases).  If not, the court proceeds to the second step and determines whether the claim requires interpreting the "scope, meaning, or application" of the collective bargaining agreement.  *Curtis*, 913 F.3d at 1153 (citation omitted).  If that is the case, preemption applies and there is federal jurisdiction over the claim.

## VI.  COLLECTIVE BARGAINING AGREEMENTS AT ISSUE

18.     In this action, Plaintiff seeks to represent a class of "[a]ll current and former non-exempt employees of Defendants who were not covered by an applicable collective bargaining agreement and were employed as background talent in *Daisy Jones and the Six* in California..." (Ex. D ¶ 27.)  Plaintiff was employed as a background actor on the television production, "Daisy Jones and the Six," including on November 11, 2021. (*Id.*  ¶ 13.)

19.     As defined, Plaintiff's putative class includes hourly-paid, non-exempt background actors on Daisy Jones and the Six.  (*Id.* ¶ 27.)  The employment of these putative class members, including those working on November 11, 2021, was covered by and subject to the terms of a collective bargaining agreement.

20.     The Screen Actors Guild – American Federation of Television and Radio Artists ("the Union" or "SAG-AFTRA") is a "labor organization" as defined by the LMRA.  At all times relevant to the Complaint, the following collective bargaining agreements applied to production of Daisy Jones and the Six:

(1)   Producer – SAG-AFTRA Codified Basic Agreement of 2014 (the "2014 Basic Agreement");

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(2)    2014 SAG-AFTRA Television Agreement (the "2014 Television Agreement");

(3)    2017 Memorandum of Agreement Between the Screen Actors Guild-American Federation of Television and Radio Artists and the Alliance of Motion Picture and Television Producers (the "2017 MOA"); and

(4)    2020 Memorandum of Agreement Between the Screen Actors Guild-American Federation of Television and Radio Artists and the Alliance of Motion Picture and Television Producers (the "2020 MOA").

(Declaration of Bennett Kaspar-Williams ("Kaspar-Williams Decl.") ¶ 4, Exhs. A-D.)

21.    True and correct copies of the 2014 Basic Agreement, the 2014 Television Agreement, the 2017 MOA, and the 2020 MOA (collectively, the "Agreements") are filed herewith, respectively, as Exhibits A-D to the Kaspar-Williams Declaration.  The Agreements are "contracts" between a "labor organization" and an "employer" as those terms are defined by the LMRA.

22.    At all times relevant to the Complaint, the Union represented the first twenty-one (or, as of July 1, 2021, first twenty-two) background actors employed each day on Daisy Jones and the Six and was the exclusive bargaining representative for those actors.  (*See* Kaspar-Williams Decl. ¶¶ 4-6; Exh. A (2014 Basic Agreement) at Schedule X, Part I § 1.(a) ("The Union is recognized by the Producers, and each of them, as the exclusive bargaining agent for all background actors described in subsections (c)(1) and (c)(2) below who are employed on theatrical and television motion pictures in the motion picture industry . . ."); *id.* § 1.(c)(1)(a) ("The terms and conditions of this Schedule X, Part I shall apply: (2) For motion pictures, the principal photography of which commences on or after July 1, 2015.. . . to the first twenty-one (21) background actors (excluding swimmers, skaters and dancers, but including stand-ins) employed each day on each television motion picture."); Exh. D (2020 MOA) at 7 (increasing the number of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

covered background actors to 22 as of July 1, 2021).  Background performers (like Plaintiff) may be covered by the Agreements even if they are not members of SAG-AFTRA at the time they work and may work for up to 30 days without offering to pay the union.  (*See* 2014 Basic Agreement § 2.)

23.    On multiple dates, including November 11, 2021, the background actors on Daisy Jones and the Six were covered by and subject to the Agreements.  (*See* Kaspar-Williams Decl. ¶¶ 4-6; Exhs. A-D.)  Background actors subject to the Agreements were paid designated rates and pursuant to a "UNION" "BACKGROUND VOUCHER."  (*Id.* at Exh. A.)  Thus, although Plaintiff pleads his claims as state law claims, his causes of action depend upon and/or require interpretation of the Agreements.  Each claim is therefore preempted by Section 301 of the LMRA, as explained further below.

## VII.    PLAINTIFF'S COMPLAINT IS SUBJECT TO FEDERAL JURISDICTION

24.    Plaintiff alleges that in addition to the hourly rate, he and other background actors received additional non-discretionary flat sum payments, (*i.e.*, bump payments).  Indeed, the Agreements specifically call for the tendering of "bump payments" for wet work, smoke work, hair premiums, body make-up premiums, wardrobe allowances, night premiums. (*See, e.g.*, 2014 Basic Agreement at Schedule X §§ 7-10.)  The crux of Plaintiff's lawsuit is the allegations that such "bump payments" should have been factored into the calculation of the regular rate of pay for the payment of overtime, double time, and premium wages, and were not. (Franz Decl., Exh. D ¶¶ 16-18, 36.)  Because these payments allegedly should have been factored in, all background actors were underpaid for overtime and meal and rest break premiums, and their paystubs were inaccurate.  (*See ibid generally*.)

25.    All of Plaintiff's claims are founded on a right created by the CBA – the right to receive a bump payment for wet work, smoke work, hair premiums, body make-up premiums, wardrobe allowances, night premiums. There is no right

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

outside of the CBA and under California law to receive these types of payments. As a result, all of Plaintiff's claims are completely preempted under the first step of the *Burnside* test. *See Burnside*, 491 F.3d at 1059 (a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted and the analysis ends there."); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036-37 (9th Cir. 2016) ("Only if the claim is 'founded directly on rights created by a CBA does section 301 preempt it.").

26.     Even if the first step were not met—it is—the second step of the *Burnside* test establish preemption.  For example, one cannot calculate the amount owned for the bump payments and the (allegedly) resulting regular rate of pay without reviewing and interpreting the terms of the CBA related to those payments. How much is owed and under what circumstances is it owed are all based on the precise wording of the CBA.  *See Kobold*, 832 F.3d at 1036-37 (finding plaintiff's state-law wage claims completely preempted and properly dismissed as a matter of law because they were dependent upon interpretation of a CBA provision); *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1064-66 (9th Cir. 2000) (finding preemption where court required to interpret and apply various provisions of the CBA, including the amount of the "regular rate" and "premium rate" paid under the agreement); *McKinley v. Southwest Airlines Co.*, 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015) (holding preemption applied where CBA had to be interpreted to determine regular rate of pay).

27.     If this were not enough to establish preemption, a review of each cause of action confirms that preemption applies here.

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>First Cause of Action[2] for Failure to Pay Overtime</u>

28.    In his First Cause of Action for "Failure to Pay Overtime Wages," Plaintiff alleges that in addition to the hourly rate, he and putative class members received additional non-discretionary flat sum payments, (*i.e.*, bump payments), that such payments should have been factored into the calculation of the regular rate of pay for the payment of overtime and double time wages, that it was not factored in, and that the overtime rate was too low under California Labor Code Section 510 as a result.  (Franz Decl., Exh. D ¶¶ 16-18, 36.)  He seeks the recovery of overtime compensation and derivative penalties.  (*Id.* ¶ 38.)

29.    Plaintiff's First Cause of Action is preempted by Section 301 of the LMRA because that cause of action arises under the Agreements and adjudication of it requires application and interpretation of the Agreements.

30.    Under California Labor Code Section 514, Section 510's overtime requirements "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

31.    The Ninth Circuit holds that if Section 514 applies, any claim for overtime is preempted because the right to overtime "exists solely as a result of the CBA, and is therefore preempted under § 301."  *Curtis*, 913 F.3d at 1146; *see also id.* at 1152-54 (finding because "default definition of overtime and overtime rates" "d[id] not apply," the plaintiff's "right to overtime exist[ed] solely as a result of the CBA, and therefore [wa]s preempted under § 301"); *Braswell v. AHMC San Gabriel Valley Medical Center LP* 2022 WL 707206, at *4 (C.D. Cal., Mar. 8,

---

[2] The preemption analysis is best accomplished by first reviewing the First Cause of Action.  Each cause of action is addressed in the present Removal.

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2022) ("Where, as here, a plaintiff files suit on behalf of employees covered by a qualifying CBA, her own lack of CBA coverage is not a defense to preemption under *Curtis*"); *Loaiza v. Kinkisharyo International, LLC,* 2020 WL 5913282 at *5 (C.D. Cal. 2020) ("Because there is a sufficient showing that the CBA is a qualifying CBA under Section 514 and *Curtis*, and Plaintiffs do not contest whether the CBA is qualifying under Section 514, the overtime provisions of Section 510 do not apply to Plaintiffs. Therefore, their overtime claims are based on rights that arise solely from the CBA"); *Buckner v. Universal Television, LLC*, 2017 WL 5956678, at *2 (C.D. Cal. Nov.  30, 2017) ("[Since] [t]he provisions in the CBAs meet the exceptions articulated in section 514 and the Wage Orders, and state law does not govern Plaintiff's overtime rights . . . Plaintiff's overtime rights arise exclusively out of the CBAs, and the LMRA preempts Plaintiff's overtime claim").

32.    Section 514 applies here and preempts Plaintiff's overtime claim because (a) his claim relies on days worked when he and other background actors were employed under the Agreements and (b) the Agreements meet Section 514's requirements:

33.    ***First***, the Agreements explicitly provide for the "wages, hours of work, and working conditions of the employees." (*See, e.g.*, 2014 Basic Agreement at Schedule X § 3 ("Minimum Wages Scales and Hiring Procedure"), § 5 ("Weekly Rates"), § 6 ("Additional Compensation"), § 20 ("Guarantee of Employment for Daily Employees"); § 21 ("Workweek, Payroll Week, Regular Pay Day"); § 22 ("Overtime"); § 23 ("Sixteen (16) Hour Rule"); §7 ("Work of an Unusual or Hazardous Character"); and § 8 ("Wet, Snow and Smoke Work; Exterior Work").)

34.    ***Second,*** Section 514's requirements are met.  The wages provided to the putative class members employed under the Agreements all exceed California's minimum wage by more than 30%.  (*See, e.g.*, 2014 Basic Agreement at Schedule X § 3 (a) (guaranteeing background actors $162 per 8 hour call in 2017 ($20.25 per hour)); 2017 MOA § 2.a (increasing rates 2.5% July 1, 2017, 3% July 1, 2018, 3%

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

July 1, 2019); 2020 MOA § 2.a (increasing rates 2.5% July 1, 2020, 3% July 1,
2021, and 3% 2022).)  For instance, on November 11, 2021, background actors, the
lowest paid position under the Agreements, were guaranteed at least $182 per 8
hour day – or $22.75 per hour.  The minimum wage at the time was $14.00.  (Cal.
Labor Code § 1182.12 (b)(1)(F).)  $22.75 is more than 61% greater than the
minimum wage.  The Agreements also provide premium pay for overtime.  (*See,
e.g.*, 2014 Basic Agreement at Schedule X Part I § 22 ("Overtime").)  Accordingly,
the claim is preempted because it is a claim for breach of the Agreements.  *See
Curtis*, 913 F.3d at 1153-54; *Taylor v. NBC W., LLC*, 2020 WL 8268197, at *2
(C.D. Cal. Jan. 2, 2020) (finding overtime claim preempted under *Curtis* based on
application of California Labor Code Section 514).

35.    To the extent Plaintiff disputes whether Section 514 applies, such a
dispute would require interpreting the Agreements to determine whether Section
514's requirements are met.  In that case, preemption applies because any claim
necessitating the interpretation of a CBA is preempted.  *See Firestone*, 219 F.3d at
1064-66 (finding preemption where court required to interpret and apply various
provisions of the CBA, including the amount of the "regular rate" and "premium
rate" paid under the agreement); *McKinley v. Sw. Airlines Co.*, 2015 WL 2431644,
at *6 (C.D. Cal. May 19, 2015) (noting preemption applied where CBA had to be
interpreted to determine regular rate of pay).

36.    Indeed, preemption applies because the Agreement must be interpreted
to decide Plaintiff's overtime claim.  For instance, Plaintiff alleges he was
employed "non-union."  But that is not the end of the inquiry, since even if Plaintiff
and other putative class members were "non-union" employees, Plaintiff and other
background actors were covered by the Agreements on numerous days, which raises
a question of the scope and application of the Agreements.
//
//

NOTICE OF REMOVAL

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

37.     Plaintiff also claims he was paid more through a "non-discretionary 'BUMP' payment."  However, a non-discretionary payment is one that is "owed 'pursuant to [a] prior contract, agreement, or promise,' not 'determined at the sole discretion of the employer.'"  *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 863-64 (2021).  That means Plaintiff must show that he (and other non-exempt employees covered by the Agreements) received additional "BUMP" payments and that such payments were always required and not paid in the employer's discretion.  But Plaintiff's alleged "BUMP" payment is undefined in the Agreements, raising questions of interpretation about its scope and breadth.  *See Kobold*, 832 F.3d at 1046 (9th Cir. 2016) ("Under longstanding labor law principles, the scope and meaning of a collective bargaining agreement is not limited to the text of the agreement.  Instead, 'the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it.'").

38.     Thus, even assuming *arguendo* Plaintiff's claim does not satisfy the first step of the *Burnside* test, the dispute raised by Plaintiff's claim would still require more than merely referencing the Agreements and will require extensive analysis of the Agreements and potentially extrinsic evidence to determine the parties' intent.  That analysis must be conducted by a federal court.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985) ("We do hold that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, . . . or dismissed as pre-empted by federal labor-contract law.").

39.     Accordingly, Plaintiff's First Cause of Action for Failure to Pay Overtime is preempted by Section 301(a) of the LMRA.

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **Second and Third Causes of Action for Failure to Pay All Premiums For Meal and Rest Period Violations**

40.     In his Second and Third Causes of Action for "Failure to Provide Meal Periods" and "Failure to Authorize and Permit Rest Periods," Plaintiff alleges that he and the putative class members were not provided with meal and rest breaks and therefore seeks premium wages for these meal and rest break violations.  (Franz Decl., Exh. D, ¶¶ 43-44, 51-52.)  As with his overtime claim, Plaintiff alleges that Defendants failed to include non-discretionary payments into the regular rate calculation for meal and rest break premiums.  (*Id*. ¶¶ 15-16, 24(c),(d).)

41.     Plaintiff's Second and Third Causes of Action are also preempted by Section 301 of the LMRA because Plaintiff's meal and rest break claims arise under the Agreements and adjudication of these causes of action requires application and interpretation of the Agreements.

42.     Specifically, the Agreements preempt the meal and rest break requirements of California Labor Code Section 512 and Plaintiff's meal and rest break claims are disguised claims for breach of the Agreements.  Under California Labor Code Section 512(d), employees in the motion picture or broadcasting industries "covered by a valid collective bargaining agreement" are exempt from the meal break requirements under Labor Code Sections 512 and 226.7 and Industrial Welfare Commission Wage Order Numbers 11 and 12, if the collective bargaining agreement "provides for meal periods and includes a monetary remedy if the employee does not receive a meal period required by the agreement."  Labor Code Section 512(d).  Thus, if Section 512(d) applies, "the terms, conditions, and remedies of the agreement pertaining to meal periods apply in lieu of" state law meal break provisions.  (*Id.*)

//

//

//

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

43.     Here, Plaintiff and the putative class members worked in the motion picture or broadcasting industries.  (*See* Labor Code Section 512(d).)  The Agreements at Schedule X Part I Section 29, titled "Meal Periods" set out when meal breaks are owed and the penalties for failing to provide the breaks as required by the Agreement.  (*See* 2014 Basic Agreement at § 29 (e) ("Violation of Meal Period Provisions").)  The Agreements further provide for rest breaks.  (*See id.* at Schedule X, Part I § 3(b)(3).)  Accordingly, Plaintiff's claim for meal and rest penalties is displaced by the Agreements and the claim is preempted.  *See Curtis*, 913 F.3d at 1146 (noting if state law is displaced by CBA, a claim under the state law exists solely as a result of the CBA and is preempted); *Taylor*, 2020 WL 8268197, at *2 (holding federal jurisdiction was met when Section 512(d) applied).

44.     Moreover, whether or not Section 512(d) applies, the resolution of Plaintiff's meal and rest break claims will require interpretation of the Agreements for the same reasons discussed in connection with his overtime claim.

45.     Additionally, under California law, providing employees with the *opportunity* to take a meal break and *authorizing and permitting* rest breaks in accordance with the Labor Code's requirements satisfies an employer's obligations. *See Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1038-41 (2012) ("the employer is not obligated to police meal breaks and ensure no work thereafter is performed"); *see id.* at 1031 ("Employers are thus subject to a duty to make a good faith effort to authorize and permit rest breaks in the middle of each work period"); *see* Cal. Code Regs., Title 8, § 11010(12).  An interpretation of the Agreements is required to determine whether Defendants provided an opportunity to take meal periods and authorized and permitted rest periods.

//
//
//
//

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Fourth Cause of Action for Failure to Pay Wages of Discharged Employees

46.    In his Fourth Cause of Action, Plaintiff seeks waiting time penalties under California Labor Code Sections 201 and 203, alleging that he and the putative class members were not paid all wages due at the time their employment was terminated.  (Franz Decl., Exh. D ¶ 58.)  However, as discussed above with respect to the First, Second, and Third Causes of Action, Plaintiff's and the other background actors' alleged entitlement to overtime and premiums arises from, and depends on interpretation of, the Agreements.  Accordingly, Plaintiff's Fourth Cause of Action is preempted by Section 301(a) of the LMRA for the reasons noted above.

## Fifth Cause of Action for Failure to Provide Accurate Wage Statements

47.    In his Fifth Cause of Action, Plaintiff seeks penalties under Labor Code Section 226(a) because Defendants' "failed to furnish" "itemized statements accurately showing the required information, including but not limited to all wages earned and correct applicable hourly rates of pay."  (Franz Decl., Exh. D ¶ 68.)  Plaintiff again takes issue with the calculation of his wages, which is preempted because his wage claims arise from, and require interpretation of, the Agreements for the reasons noted above.

## Sixth Cause of Action for Unfair Competition

48.    Plaintiff's Sixth Cause of Action for Unfair Competition is based on violations of California law, specifically failure to pay all owed minimum and straight time wages, overtime, and meal and rest premiums as a result of an alleged miscalculation of the regular rate of pay.  (Franz Decl., Exh. D ¶¶ 75-77.)  As explained above, Plaintiff's overtime and meal premium claims are preempted.  Accordingly, Plaintiff's Sixth Cause of Action for Unfair Competition is preempted by Section 301(a) of the LMRA.  *See, e.g., Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1204 (C.D. Cal. 2015) (finding derivative claim "is preempted for the same reasons [underlying claims] are preempted").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **Supplemental Jurisdiction**

49.    To the extent that any cause of action in the Complaint is not preempted by the LMRA and removable, any non-preempted cause of action falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367. Any such non-preempted cause of action in the Complaint arises out of the same common nucleus of operative facts as the preempted causes of action and would normally be tried in one case.  *See* 28 U.S.C. § 1367; *see also Bale v. General Tel. Co.*, 795 F.2d 775, 778 (9th Cir. 1986) (all claims that arose from the same alleged representations made at the time of hiring "fall within the scope of pendent jurisdiction").

50.    Indeed, all of Plaintiff's causes of action arise solely from his experiences on Daisy Jones and the Six and the terms and conditions he and the putative class members were allegedly subjected to.  Plaintiff's claims are intertwined such that they are part of the same case or controversy, and the Court should exercise supplemental jurisdiction.  *See Brady v. Brown,* 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims").

51.    Moreover, considerations of judicial economy, convenience and fairness to the litigants require that all of the causes of action alleged in the Complaint be tried in one forum.  *See Brady*, 51 F.3d at 816 ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.").

52.    Notably, even if supplemental jurisdiction did not exist, removal is still proper because any non-preempted cause of action may properly be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(c), in that any such cause of action has been joined with claims which would have been removable if sued upon alone.

NOTICE OF REMOVAL

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# VIII.    CONCLUSION

WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the State of California for the County of Los Angeles, to the above-entitled Court.

DATED: July 31, 2024                    DAVIS WRIGHT TREMAINE LLP
                                        CAMILO ECHAVARRIA
                                        STEPHEN FRANZ
                                        FRANCES J. CHOI


                                        By:  /s/ Stephen Franz
                                                Stephen Franz
                                        Attorneys for Defendants
                                        BIG INDIE PICTURES, INC. and
                                        AMAZON STUDIOS, LLC

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, 865 South Figueroa Street, Suite 2400, Los Angeles, California 90017-2566.

On July 31, 2024, I served the following document(s): **DEFENDANTS BIG INDIE PICTURES, INC. AND AMAZON STUDIOS, LLC'S NOTICE OF REMOVAL** as follows:

Frank H. Kim, Esq.                        *Attorneys for Plaintiff,*
KIM LEGAL, APC                       **DANIEL FERGUSON**
3435 Wilshire Blvd, Suite 2700
Los Angeles, CA 90010
Telephone: (323) 482-3300
Facsimile:  (866) 652-7819
Email: fkim@kim-legal.com

☒ (**VIA U.S. MAIL**) - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

PROOF OF SERVICE

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on July 31, 2024, at Los Angeles, California.

Shari Sanders
Print Name

_Shari Sanders_
Signature

PROOF OF SERVICE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899